UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

PARNELL R. MAY                                                                                    PLAINTIFF

V.                                      No. 4:19CV00117-BRW-JTR

SHEPHERD, Lieutenant, Pulaski County
Sheriff's Office, *et al.*                                                                    DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Wilson can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.  Introduction

Plaintiff Parnell R. May ("May") is a pretrial detainee at the Pulaski County Regional Detention Facility ("PCRDF"). He has filed a *pro se* § 1983 action alleging

that Defendants violated his constitutional rights. *Doc. 2*. Before May may proceed with this case, the Court must screen his allegations.[1]

## II. Discussion

On February 13, 2019, May filed this Complaint alleging that Defendants Lieutenant Shepherd, Chief of Detention R.M. Sylvester, and Chief of Detention James Hendricks violated his constitutional rights by improperly housing him in administrative segregation, from December 4, 2016 through February 4, 2019. According to May, Defendants did so because he refused to take a tuberculosis test due to religious reasons. As a result of being placed in administrative segregation, May alleges that: (1) his access to the legal library has been restricted because he is on 23-hour lockdown; and (2) he has been exposed to sexual harassment on two occasions, which have not been fully investigated and addressed. *Doc. 2*.

The Court's records show that this is the *second* § 1983 action that May has filed about these same issues. On September 17, 2018, he filed a § 1983 action alleging: (1) he had been improperly housed in administrative segregation for two years, beginning December 4, 2016, because he refused to take a tuberculosis test; (2) he had been exposed to two occasions of sexual harassment while in administrative segregation; and (3) he was being denied adequate access to the law

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).

library and legal materials. *See May v. Holladay,* No. 4:18cv00681-JM-JTK, *docs. 1, 5, 8 & 11-1* (complaint and amended complaints); *docs. 10 & & 30* (summarizing May's claims). That case is still pending, with deadlines set for conducting discovery and filing dispositive motions. *Id., doc. 24.* Although May names different PCRDF officials as Defendants,[2] the substance of his claims in Case No. 4:18cv00681-JM-JTK is virtually the same as the claims raised in this action (Case No. 4:19cv00117-BRW-JTR).

May cannot bring identical claims in two separate cases. A Court may dismiss a prisoner's § 1983 action, upon § 1915A screening, if it is duplicative of a previously filed claim. *See Gearheart v. Sarrazine,* 553 Fed. Appx. 659, 659-60 (8th Cir. 2014) (affirming preservice dismissal of prisoner's claims that were duplicative of those in another pending action); *Aziz v. Burrow,* 976 F.2d 1158, 1158-59 (8th Cir. 1992) (affirming dismissal of "duplicative complaint raising issues directly related to issues in another pending action brought by the same party").

---

[2]The only remaining Defendant in Case No. 4:18cv00681 is Sheriff Doc Holladay. On January 8, 2019, the Court dismissed Defendants Sergeant Brawley, Deputy L. Johnson, Major Briggs, Captain Jackson and Does ("Staffs, Deputies, Employees for the PCRDF, Guards/Correctional Officers, Inmate Servicer"). *Id., doc. 26.* The basis for dismissal of these Defendants was May's failure to include specific allegations of improper conduct against them. *Id., doc. 14.* It is unclear whether the Defendants he names in this action (Case No. 4:19cv00117) are some of the "Doe Defendants" that he failed to identify, or state specific allegations against, in the earlier case.

Accordingly, the Court recommends that this case be dismissed, without prejudice, as raising claims that are duplicative of those that are pending in *May v. Holladay,* No. 4:18cv00681-JM-JTK.[3]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  May's Complaint (*Doc. 2*) be DISMISSED, WITHOUT PREJUDICE.

2.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 23rd day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Because the Court is not reaching the merits of May's claims, this dismissal does not count as a "strike" for purposes of 28 U.S.C. § 1915(g).